JOHN V. JOHNSON
Attorney for Plaintiff
PHILLIP A. TALBERT
Acting United States Attorney for the ED of California
DEBORAH LEE STACHEL, Bar No. 230138
Regional Chief Counsel, Region IX
Shea Lita Bond
Special Assistant United States Attorney

Social Security Administration
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8934
E-Mail: shea.bond@ssa.gov

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LYNETTE LAMBERT, ) | CASE. NO.: 2:18-CV-02122-CKD |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER |
| ) | FOR ATTORNEY'S FEES PURSUANT |
| vs. ) | TO 28 U.S.C. SECTION 2412(d) |
| ) | |
| ANDREW SAUL, commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

It is hereby stipulated by and between the parties through their undersigned counsel, subject to the approval of the Court, that Ms. Lambert, will be awarded attorney fees in the amount of FIFTEEN THOUSAND and NO CENTS DOLLARS ($15,000) under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412(d). This amount represents compensation for all legal services rendered on behalf of Ms. Lambert by counsel in connection with this civil action, including the appellate court proceedings in the Ninth Circuit case No. 19-17102, and in accordance with 28 U.S.C. Section 2412(d).

After the Court issues an order for EAJA fees to Ms. Lambert, the government will consider the assignment of EAJA fees to John V. Johnson pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 2252-2253 (2010, the ability to

1

honor any such assignment will depend on whether the fees are subject to any offset allowed under the United States Department of Treasury's Offset Program. After the order for EAJA fees is entered, the Government will determine whether they are subject to any offset.

Fees shall be made payable to Ms. Lambert, but if the Department of the Treasury determines that Ms. Lambert, does not owe a federal debt, then the government shall cause the payment of fees to be made directly to John V. Johnson, pursuant to the assignment executed by Plaintiff. Any payment made shall be delivered directly to John V. Johnson.

This stipulation constitutes a compromise settlement of Ms. Lambert's request for EAJA attorney fees and does not constitute an admission of liability on the part of the Defendant under EAJA. Payment of the agreed amount shall constitute complete release from, and bar to, any and all claims that Ms. Lambert, and/or John V. Johnson may have relating to EAJA attorney fees in connection with this action and Ninth Circuit No. 19-17102. This award is without prejudice to the rights of John V. Johnson to seek Social Security Act attorney fees under 42 U.S.C. Section 406(b) subject to the savings clause provisions of EAJA.

Respectfully Submitted,

DATED: April 6, 2021

/ s / John V. Johnson
(As authorized
johnvjohnson@sbcglobal.net)
John V. Johnson
Attorney for Plaintiff

DATED: April 6, 2021

PHILLIP A. TALBERT
Acting United States Attorney
 DEBORAH LEE STACHEL
  Regional Chief Attorney, Region IX
  Social Security Administration

By: / s /  Shea Lita Bond
   SHEA LITA BOND
   Special Assistant U.S. Attorney
   Attorney for Defendant

**ORDER**

APPROVED AND SO ORDERED.

Dated:  April 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE